IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

NORMA LINDA LEAL MEDINA, §
    Plaintiff, §
 §
v. § NO. 5:16-cv-90
 §
INTERNAL REVENUE SERVICE, §
    Defendant. §

## MEMORANDUM AND ORDER

Before the Court are cross motions for summary judgment, one filed by Plaintiff Norma Linda Leal Medina ("Plaintiff") (Dkt. 20) and one filed by Defendant Internal Revenue Service ("Defendant") (Dkt. 15.) Each party has responded to its opponent's motion. (Dkt. 17; Dkt. 21.) Plaintiff brings this action to quiet title to three pieces of real property on which Defendant has placed liens to secure payment of Plaintiff's parents' tax debt. The Court will deny both motions.

## BACKGROUND

The following facts are taken from the motions and evidence the parties provided.

I. **Tax Debt**

For 2005, 2006, and 2007, Plaintiff's father, Florentino Leal, Jr. ("Leal"), failed to pay $215,036.18 in employment taxes arising out of his business. (Dkt. 15-2 at 1.) For those same three years, Leal and his wife failed to pay $118,332.24 in income taxes.

(Dkt. 15-3 at 1.) For 2008 and 2009, Leal and his wife failed to pay an additional $9,577.45 in income taxes. (Dkt. 15-3 at 1.) In total, they accrued $342,945.87 in tax debt.

II. <u>Property Conveyances</u>

Four pieces of real property in Laredo, Texas, along with their recent conveyance histories, are relevant to this case. The Court will refer to these properties as Colorado 10, Colorado 21, Colorado 22, and 503 Garfield.[1] This case primarily concerns a conveyance that occurred on March 26, 2008, when Leal conveyed these properties to his daughter, Plaintiff, via a recorded "Gift Deed." (<u>See</u> Dkt. 15-6 at 1.) The Gift Deed reads, in operative part, as follows:

> That I, FLORENTINO LEAL JR. Of The County of Webb and State of Texas, for and in consideration of the love and affection I have for and received From Daughter, NORMA LINDA LEAL MEDINA, hereby acknowledge, subject My Life estate which I hereby reserve, have GRANTED AND CONVEY, and by These Present do GRANT AND CONVEY unto my Daughter NORMALINDA LEAL MEDINA of the County of Webb and State of Texas, to be hers as her The following real properties, to –wit:
>
> [<u>Colorado 10</u>, <u>Colorado 21</u>, <u>Colorado 22</u>, <u>503 Garfield</u>.]
>
> To have and to hold the above described premises, together with all and singular The right and appurtenances thereto in anywise belongings unto the said Grantee, his heir and assigns forever, and I do hereby

---

[1] The actual property descriptions are (1) Lot 10 BLK 7 Colorado ACS SUB 18 4.01 ACS Laredo, Texas 78040 [Colorado 10], (2) Lot 21 BLK 7 Colorado ACS SUB 18 4.01 ACS Laredo, Texas 78040 [Colorado 21], (3) Lot 22 BLK 7 Colorado ACS SUB 18 4.01 ACS Laredo, Texas 78040 [Colorado 22], and (4) 503 Garfield, Laredo, Texas 78040, E ½ of 11 & W ½ of Lot 10, BLK 81 of ED [Garfield].

> bind myself, my heir, executer and Administrator to WARRANT AND FOREVER DEFEND all and singular the said Premises unto the GRANTEE, his heir, and assigns against every person Whomsoever lawfully claiming or to claim the same or any part thereof.

(Id. at 1-2 (errors in the original).) The parties dispute the exact result of this property transfer. Each of the four properties has a unique, if overlapping, recent conveyance history.

Colorado 10 was purchased by Leal on December 19, 2003, along with Colorado 21. (Dkt. 21-3.) In 2008, Leal deeded the property to Plaintiff in the Gift Deed. On March 28, 2011, Leal sold Colorado 10 to a third party. (Dkt. 21-2.)

Colorado 21 was purchased by Leal on December 19, 2003, along with Colorado 10. (Dkt. 21-3.) In 2008, Leal deeded the property to Plaintiff in the Gift Deed.

Colorado 22 was sold to Leal and his wife on May 19, 2004. (Dkt. 15-8.) In 2008, Leal deeded the property to Plaintiff in the Gift Deed.

503 Garfield was bought by Leal and his wife for $69,930 via a Warranty Deed with Vendor's Lien on July 21, 2005. (Dkt. 15-7.) In 2008, Leal deeded the property to Plaintiff in the Gift Deed. From 2010 to 2015, Plaintiff claims to have paid about $60,000 toward this property's mortgage. (Dkt. 20-2 at 6-32.)

III. <u>IRS Liens and Procedural History</u>

In 2009, Defendant attached liens to Leal's and his wife's properties to secure payment of their tax debts. (Dkt. 15-2; Dkt.

15-3.) While investigating their assets, Defendant determined that Plaintiff held bare legal title to the properties listed in the 2008 Gift Deed as a nominee of Leal and his wife. (Dkt. 20-3.) On December 16, 2015, Defendant executed "nominee liens" on those properties. (Dkt. 15-4; Dkt. 15-5.) The liens attached only to Colorado 21, Colorado 22, and 503 Garfield, but not to Colorado 10, the property Leal later sold to a third party. (Id.)

On March 2, 2016, Plaintiff filed the instant suit in state court to remove Defendant's liens against Colorado 21, Colorado 22, and 503 Garfield. (Dkt. 1-1 at 1.) On April 29, 2016, Defendant timely removed this case to federal court, invoking federal-agency jurisdiction under 28 U.S.C. §1442(a)(1). (Dkt. 1 at 1–2.)

## LEGAL STANDARD

A party moving for summary judgment must demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant bears the initial burden of informing the court of the legal basis for the motion and identifying the evidence in support. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). Once the movant meets that burden, the non-movant must present sufficient evidence to allow a reasonable fact finder to find for the non-movant. Fordoche, Inc. v. Texaco, Inc., 463 F.3d 388, 392 (5th Cir. 2006). A court views the evidence in the light most favorable to the non-movant. Id. Mere conclusory allegations are not sufficient to

defeat a motion for summary judgment, Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1994), nor are unsubstantiated assertions, improbable inferences, or unsupported speculation. Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994). When deciding cross motions for summary judgment, a court must consider each motion independently, viewing the evidence in the light most favorable to each non-movant. White Buffalo Ventures, LLC v. Univ. of Tex. at Austin, 420 F.3d 366, 370 (5th Cir. 2005).

## ANALYSIS

Both parties move for summary judgment. Defendant claims Plaintiff is a nominee as a matter of law. (Dkt. 15 at 11.) Plaintiff claims Leal and his wife had no interest in the relevant properties sufficient for Defendant to place a lien on them. (Dkt. 20 at 9.) Because these motions rely upon the same law and facts, the Court considers them together. However, as it must when considering cross summary-judgment motions, the Court independently considers the evidence in the light most favorable to each party to determine whether it is appropriate to grant either motion.

I.  Legal Framework

Plaintiff brings this quiet-title action under 28 U.S.C. §2410, which allows a person to challenge a lien placed on her property by the United States. The United States has the power to place a lien on the property of a tax debtor to satisfy delinquent tax debt. 26 U.S.C. §6321. Congress intended this enforcement

5/13

power to reach "every interest in property that a taxpayer might have." United States v. Nat'l Bank of Commerce, 105 S.Ct. 2919, 2924 (1985). The United States bears the burden to show that a delinquent taxpayer has an interest in a property by "substantial evidence." See Century Hotels v. United States, 952 F.2d 107, 109 (5th Cir. 1992). Taxpayers have an interest in not only property to which they have title, but also "property held by a third party if it is determined that the third party is holding the property as a nominee . . . of the delinquent taxpayer." Spotts v. United States, 429 F.3d 248, 251 (6th Cir. 2005). "A nominee is one who holds bare legal title to property for the benefit of another." Scoville v. United States, 250 F.3d 1198, 1202 (8th Cir. 2001) (citing Black's Law Dictionary (7th ed. 1999)).

Although the definition of "property" as used in 26 U.S.C. §6321 is a federal question, a taxpayer's property interest is determined by looking to the law of the state in which the property is located. United States v. Craft, 122 S.Ct. 1414, 1420 (2002). In this case, the state is Texas. Because Texas courts have not delineated a nominee test, federal courts determining whether a person holds title to Texas property as a taxpayer's nominee look to the generally applied common-law factors. Battle v. United States, No. 9:06-cv-109, 2007 WL 1424553 at *5 (E.D. Tex. Feb. 7, 2007) (citing State Bank & Trust Co. v. Ins. Co. of the West, 132 F.3d 203, 205, n.3 (5th Cir 1997)). The non-exclusive factors are:

1. No consideration or inadequate consideration paid by the nominee;

2. Property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property;

3. Close relationship between the transferor and the nominee;

4. Failure to record conveyance;

5. Retention of possession by the transferor; and

6. Continued enjoyment by the transferor of benefits of the transferred property.

<u>Oxford Capital Corp. v. United States</u>, 211 F.3d 280, 284 n.1 (5th Cir. 2000).

The Court will analyze the evidence in light of the <u>Oxford</u> factors to determine whether Plaintiff is a nominee.

## II. <u>Oxford Factors</u>

The evidence before the court includes certified copies of the IRS tax liens (Dkt. 15-2; Dkt. 15-3; Dkt. 15-4; Dkt. 15-5; Dkt. 17-1; Dkt. 20-1), certified copies of the Gift Deed (Dkt. 15-6; Dkt. 20-2 at 34–35; Dkt. 20-4), certified copies of various Warranty Deeds involving the properties at issue (Dkt. 15-7; Dkt. 15-8; Dkt. 21-2; Dkt. 21-3; Dkt. 21-4), a letter from Defendant to Plaintiff and her counsel (Dkt. 20-3), copies of checks and transaction receipts (Dkt. 20-2 at 7–30), a Deed of Release indicating that a deed of trust executed by Leal and his wife had been satisfied and released (Dkt. 20-2 at 31–33), and a letter sent by Plaintiff's

lawyer to Defendant (Dkt. 20-2 at 2-5). The parties have provided no testimonial evidence, such as affidavits or depositions.

The Court will consider each factor in turn, adding Plaintiff's mortgage payments as an additional factor, which does not fit well into any listed factor but nonetheless weighs on this inquiry. The Court considers only the evidence before it.

1. Consideration

The first factor asks whether Plaintiff gave adequate consideration for the properties. In Texas, property conveyed by gift deed is not given for valuable consideration. <u>Tex. Eastern Transmission Corp. v. Garza</u>, 894 F.Supp. 1055, 1060 (S.D. Tex. 1995) (Jack, J.). "Love and affection," although sufficient to convey property by gift, is also not considered valuable consideration. <u>Glenney v. Crane</u>, 352 S.W.2d 773, 776 (Tex. Civ. App.—Houston 1961); <u>see also</u> <u>Small v. Brooks</u>, 163 S.W.2d 236, 237 (Tex. Civ. App.—Austin 1942). In this case, the Gift Deed unambiguously conveyed the properties to Plaintiff in exchange "for and in consideration of the love and affection I have for and received From Daughter." (Dkt. 15-6 at 1.) Therefore, the deed reflects that Plaintiff gave no consideration.

Plaintiff claims she purchased the properties in exchange for $60,000 she paid toward the mortgage of 503 Garfield. Basic contract law teaches that consideration must be "bargained for and received by a promisor from a promisee," and it must be intended to

"motivate[] a person to do something, esp[ecially] to engage in a legal act." Black's Law Dictionary (10th ed. 2014); see also Restatement (Second) of Contracts §71. While Plaintiff may have begun paying the mortgage on 503 Garfield two years after the properties were transferred to her, she provides no evidence that she made those payments in exchange for receiving the properties. Her conclusory assertion that the payments were consideration is not evidence.

Therefore, the Court finds that Plaintiff received the properties for no valuable consideration. This factor favors finding her to be a nominee.

2. <u>Anticipation of Liability</u>

The next factor asks whether the property was transferred in anticipation of liability while the transferor maintained control of the properties. Leal and his wife incurred their tax debt from 2005 to 2009. The Gift Deed was executed in 2008. Defendant notified Leal of his tax debt in 2009, about one year after the properties were transferred.

The evidence is insufficient to support a summary-judgment finding on whether Leal anticipated his tax liability when he transferred the properties to Plaintiff. Because Defendant had not yet notified Leal of his debt at the time of transfer, a reasonable fact finder could find that Leal did not know about his debt when he gave the properties to Plaintiff. A reasonable fact finder

could also find the timing of the transfer suspicious enough to decide Leal must have transferred the properties in anticipation of his tax debt. This determination is best reserved for the fact finder's consideration upon hearing and evaluating the credibility of the testimony at trial.

This factor also asks whether Leal maintained control over the properties after effectuating legal transfer. Via the Gift Deed, Leal reserved a life estate for himself in the properties, giving him the legal right to control the properties for the rest of his life. See Collins v. New, 558 S.W.2d 108, 112 (Tex.Civ.App.—Corpus Christi 1977). He clearly exercised continued control over one of the properties when he sold Colorado 10 to a third party despite having purportedly given it to Plaintiff. While this evidence supports finding that Leal maintained control of the properties, it is insufficient to support such a finding on summary judgment. There is no evidence that Leal actually exercised control of Colorado 21, Colorado 22, or 503 Garfield. Similarly, there is insufficient evidence that Plaintiff controlled those properties. Plaintiff's conclusory statements to that effect are not evidence. A reasonable fact finder could find for either party.

The Court cannot decide this factor on summary judgment.

3. Relationship

The next factor is whether the transferor and transferee have a close relationship. Plaintiff is Leal's daughter. This factor clearly favors the IRS.

4. Recorded Deed

The next factor asks whether the deed was recorded. By all appearances, the Gift Deed was properly recorded. This factor clearly favors Plaintiff.

5. Transferor's Possession

The next factor asks whether the transferor maintained possession of the properties after transfer. Plaintiff claims "that she had total control and dominion over the property to the complete exclusion of taxpayer [Leal]." (Dkt. 20 at 8.) As evidence, she provides her contributions toward the 503 Garfield mortgage payments. While those payments connect her to 503 Garfield in some way, they do not show her actual possession of the property. Plaintiff's conclusive claim of possession is not evidence. There is no evidence before the Court showing who has maintained actual possession of the properties in the nine years since the Gift Deed was executed. This factor will best be determined by the fact finder after hearing and evaluating the testimony at trial. Therefore, the Court cannot decide this factor on summary judgment.

6. Enjoyment of the Properties

The final Oxford factor asks whether the transferor continued to enjoy the benefits of the properties after the transfer. As has become a common refrain, the parties provide little if any evidence concerning who has enjoyed the properties since the Gift Deed was executed. Leal clearly continued to enjoy the benefits of Colorado 10 after the transfer, but that property is not subject to an IRS lien. Who has enjoyed the benefits of Colorado 21, Colorado 22, and 503 Garfield is entirely unclear. Once again, Plaintiff's conclusory statement that she has enjoyed the properties is not evidence. This factor will be best decided by the fact finder after hearing and evaluating testimony at trial. Therefore, the Court cannot decide this factor on summary judgment.

7. Payment of the Mortgage

Although not an Oxford factor, the Court considers Plaintiff's mortgage payments. Plaintiff claims to have paid $60,000 toward 503 Garfield's mortgage. (Dkt. 20 at 8.) As evidence, she provides a number of checks and bank receipts, as well as a letter stating that the mortgage has been satisfied. (Dkt. 20-2 at 7-33.) If Plaintiff made payments toward the mortgage on 503 Garfield, it would seem to support Plaintiff's claim that she is not a nominee as to at least that property. The fact finder will decide the appropriate weight to give this compared to the other factors when it makes its findings after trial.

III. Findings

The Court finds that neither summary judgment motion should be granted. Although two Oxford factors, consideration and relationship, favor Defendant and one factor, recorded deed, favors Plaintiff, viewing the evidence in the light most favorable to each party, separately, it is apparent that neither is entitled to summary judgment. The fact questions posed by the gaping holes in the evidence provided by the parties necessitate a trial on the merits.

## CONCLUSION

Accordingly, the IRS's Motion for Summary Judgment (Dkt. 15) is DENIED. Medina's Amended Motion for Summary Judgment (Dkt. 20) is DENIED. Medina's original Motion for Summary Judgment (Dkt. 18) is DENIED as moot.

This case is referred to Magistrate Judge J. Scott Hacker to determine what remains to be done before trial.

DONE at Laredo, Texas, this 21th day of September, 2017.

_____
George P. Kazen
Senior United States District Judge